IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| Theodore Becker | ) | |
|---|---|---|
| (#2012-1208093), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15 C 7310 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| | ) | |
| Tom Dart, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to make monthly deductions in accordance with this order. The Clerk of Court is directed to electronically send a copy of this Order to the Supervisor of the Inmate Trust Fund Accounts at the Cook County Jail. On the Court's own motion, Defendants "Director of Cermak Health Services" and "Director of Food Services and Kitchen Staff" are dismissed pursuant to 28 U.S.C. § 1915A. Sheriff Tom Dart will remain in this action solely as a nominal Defendant. The Court further directs the Clerk of Court to: (1) file Plaintiff's complaint [1], (2) terminate "Director of Cermak Health Services" and "Director of Food Services and Kitchen Staff" as Defendants in this action; (3) issue summons for service on Defendant Dart by the U.S. Marshal and (4) send Plaintiff one blank USM-285 service form, a magistrate judge consent form, filing instructions, and a copy of this order. The Court advises Plaintiff that a completed USM-285 form is required for each named Defendant. The U.S. Marshal will not attempt service on a Defendant unless and until the required form is received. The U.S. Marshal is appointed to serve the Defendant.

## STATEMENT

Plaintiff Theodore Becker, an inmate confined at Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he became ill as a result of food poisoning at the Cook County Jail, and that nurses there were deliberately indifferent to his serious medical needs after he became ill. Currently before the Court are Plaintiff's application to proceed *in forma pauperis* and his complaint for initial review under 28 U.S.C. § 1915A.

According to the statement submitted with the *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders Plaintiff to pay (and the facility having custody of him

to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Plaintiff alleges that on February 19, 2015, after eating a dinner of "rice and bean slop with meat" at the jail, he became very ill with stomach cramps, nausea, vomiting, diarrhea, and a headache. Plaintiff told an unnamed nurse how he was feeling, but she refused to provide him with medical care. Plaintiff was in pain throughout the night, and the next day, the nurse finally sent him to Cermak Health Services, the medical facility at the jail. Plaintiff waited several hours, and then was seen by a doctor who diagnosed him with the stomach flu. According to Plaintiff, the doctor also told him he could have become ill from something he ate.

After seeing the doctor, Plaintiff was seen by a nurse, who gave him pills for diarrhea. He was then placed under quarantine with other inmates who were experiencing the same symptoms. The other inmates told him they also had gotten sick after eating dinner the previous night. The doctor had told these inmates they had food poisoning.

Plaintiff remained quarantined for a week before returning to the general population. During that time, he discovered from other inmates that doctors and nurses were screening different tiers and removing inmates that were experiencing symptoms similar to those he experienced. Various tiers had been quarantined, and some were still quarantined at the time Plaintiff returned to the general population.

Plaintiff alleges that the nursing staff made him "suffer needlessly" the first night that he was ill. He contends that staff was already aware of the contagion in the jail, and should have responded sooner to his requests for help. Plaintiff also alleges that jail officials were responsible for Plaintiff becoming ill from the food that was served on Feb. 19, 2015. He names as Defendants Sheriff Tom Dart, the "Director of Cermak Health Services," and the "Director of Food Services and Kitchen Staff."

As a preliminary matter, Plaintiff has not named a proper Defendant. Section 1983 is premised on the wrongdoer's personal responsibility; therefore, an individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Plaintiff's complaint does not allege any personal involvement in the events described by either Dart, the director of Cermak, or the director of Food Services, so those parties are not proper Defendants to this action, and all claims against them are dismissed.

Additionally, Plaintiff has not stated a claim in regard to his speculative claim that his illness was caused by contaminated food. Although jail officials violate an inmate's constitutional rights when they display deliberate indifference to a substantial risk of serious harm, *see Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994), Plaintiff's allegations show (at best) that he suffered from a single, isolated instance of food poisoning or similar condition, which is insufficient to support a claim that jail officials violated his constitutional rights. *See Franklin v. True*, 76 F.3d 381 (7th Cir. 1996) (unpublished opinion) (concluding that one instance of food poisoning is insufficient to state conditions-of-confinement claim); *see also George v. King*, 837 F.2d 705, 707 (5th Cir. 1988) ("a single incident of unintended food poisoning, whether suffered by one or many prisoners at an institution, does not constitute a violation of the constitutional rights of the affected prisoners"); *Jackson v. Lang*, No. 09 C 5123, 2010 WL 3210762, at *1 (N.D. Ill. Aug. 10, 2010) (Bucklo, J.) (one incident of finding rodent parts in a meal did not rise to the level of a constitutional violation).

In regard to Plaintiff's claim that the unnamed nurse was deliberately indifferent to his serious medical needs because she failed to get him treatment sooner, prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.'" *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The prisoner must first show that "his medical condition is 'objectively, sufficiently serious." *Id*. (quoting *Farmer* 511 U.S. at 834). The prisoner then must show that prison officials knew of and disregarded an

excessive risk to inmate health. *Id.* (quoting *Farmer*, 511 U.S. at 837).

The Court observes that it may be questionable whether the condition of which Plaintiff complains amounted to an "objectively, sufficiently serious" medical condition. *See Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996) ("A prison's medical staff that refuses to dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue—the sorts of ailments for which many people who are not in prison do not seek medical attention—does not by its refusal violate the Constitution."); *compare Alexander v. Coughlin*, No. CV 90-3231, 1991 WL 150674, at *2 (E.D.N.Y. July 26, 1991) (prisoner's bout of diarrhea that lasted for two days and caused severe abdominal pain constituted a sufficiently serious medical need). Given Plaintiff's description of the length and severity of his symptoms, the Court finds that Plaintiff has sufficiently pleaded the existence of a serious medical need. Similarly, at this early stage of the case, Plaintiff has sufficiently alleged that the unnamed nurse was deliberately indifferent in failing to provide him earlier treatment for his symptoms. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1039–40 (7th Cir. 2012) (delay in treatment that causes unnecessary pain can be the basis for an Eighth Amendment claim). Nothing in this order, which is based on preliminary review of the complaint, precludes any legal argument that Defendants may advance in response to Plaintiff's allegations.

As Plaintiff apparently does not know the name of the nurse who refused him treatment, he may proceed against Sheriff Dart as a nominal Defendant in order to enable Plaintiff to identify this nurse. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Ind. Dep't. of Corr.*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriffs Dep't*, 95 F.3d 548, 556 (7th Cir. 1996).

Once an attorney has entered an appearance on behalf of Dart, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the unnamed nurse. *See* Fed. R. Civ. P. 33. After Plaintiff learns the Defendant's identity, he may ask leave to amend the complaint to add the nurse as a Defendant. Summons will then issue for service on the John Doe nurse and Dart will be dismissed.

Plaintiff is advised that there is a two-year statute of limitations for civil rights actions in Illinois. *See*, *e.g.*, *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. Plaintiff should therefore attempt to identify the John Doe Defendant as soon as possible in light of the two-year statute of limitations and applicable tolling rules. *See Bryant v. City of Chicago*, 746 F.3d 239 (7th Cir. 2014)

The Court directs the Clerk of Court to issue summons for service of the complaint on Defendant Dart. The Clerk of Court is directed to mail Plaintiff one blank USM-285 (U.S. Marshals service) forms. The Court advises Plaintiff that a completed USM-285 form is required for each named Defendant. The U.S. Marshal will not attempt service on a Defendant unless and until the required form is received. Plaintiff must therefore complete and return a service form for each Defendant, and failure to do so may result in the dismissal of the unserved Defendant, as well as dismissal of this case for lack of prosecution.

The U.S. Marshals Service is appointed to serve Defendant Dart. The Court directs the

U.S. Marshal to make all reasonable efforts to serve Defendant. The U.S. Marshal is authorized to send a request for waiver of service to Defendants in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of this court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any document he files in this Court to Defendants or to defense counsel if an attorney has entered an appearance on behalf of Defendants. Every document submitted by Plaintiff must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Date:   8/26/15                                               _____/s/_____
                                                              Joan B. Gottschall
                                                              United States District Judge